## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |  |
|---|---|---|
| EMSEAL JOINT SYSTEMS, LTD | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. |
| SCHUL INTERNATIONAL Co., LLC, and STEVEN R. ROBINSON | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, EMSEAL Joint Systems, LTD., (hereinafter "EMSEAL" or "Plaintiff") by and through its undersigned counsel, brings this Complaint for infringement of U.S. Patent No. 8,739,495 (hereinafter "the '495 patent", Exhibit A) seeking damages and injunctive relief arising under 35 U.S.C. § 1 et seq. against Defendants Schul International Co., LLC and its member Steven R. Robinson.

## PARTIES

1. Plaintiff is a Delaware corporation with a principal place of business at 25 Bridle Lane, Westborough, Massachusetts, 01581. Plaintiff is the owner of the '495 patent.

2. The first defendant named in this action is Schul International Co., LLC (hereinafter "Schul"). Upon information and belief, Schul is a New Hampshire company with a principal place of business at 1 Industrial Park Drive U1B, Pelham New Hampshire, 03076.

3. The second defendant named in this action is Steven R. Robinson (hereinafter "Robinson"). Upon information and belief, Robinson is a member of Schul and lists his address

with the New Hampshire Secretary of State as 77 Heritage Hill Rd., Windham New Hampshire, 03087.

## JURISDICTION AND VENUE

4.   This action arises under 35 U.S.C. §1 et seq. including 35 U.S.C. §§271, 281, 283, 284, and 285.  Accordingly, this Court has subject matter jurisdiction over this action under 28 U.S.C. §§1331 and 1338.

5.   This court has diversity jurisdiction over this action under 28 U.S.C. §1332 since the Plaintiff (Massachusetts) and the Defendants (New Hampshire) reside in different states.

6   Both of the Defendants are subject to this Court's subject matter jurisdiction under 28 U.S.C. §1400 since all of the Defendants have principal places of business in or are domiciled in New Hampshire and have been engaged in substantial and continuous business in this Judicial District.

7.   Both of the Defendants are subject to this Court's personal jurisdiction since all of the Defendants have principal places of business in or are domiciled in this Judicial District and have been engaged in substantial and continuous business in this Judicial District.

8.   Both of the Defendants are subject to this Court's supplemental jurisdiction under 28 U.S.C. §1367 since the action includes New Hampshire State law unfair competition/consumer protection claims that arise from the Federal action under 35 U.S.C. §1 et seq., for which this Court has original jurisdiction.

9.   Venue is proper under 28 U.S.C. §1391 since both of the Defendants have principal places of business in or are domiciled in New Hampshire and have been engaged in substantial and continuous business in this Judicial District.

## FACTUAL BACKGROUND

A.  **The '495 Patent**

10.     On December 20, 2012 U.S. Patent Application Serial No. 13/721,855, entitled "Fire and Water Resistant Expansion Joint System," (hereinafter "the '855 application") was filed in the United States Patent and Trademark Office (hereinafter "USPTO").  The '855 application is a continuation of U.S. Patent Application Serial No. 12/622,574 filed on November 20, 2009 (ultimately issued as U.S. Patent No. 8,365,495), and also claims priority to U.S. Provisional Patent Application Serial No. 61/116,453, filed on November 20, 2008.  The '855 application ultimately issued as the '495 patent on June 3, 2014. The entire interest in the '495 patent was assigned to EMSEAL and the assignment was recorded with the USPTO on December 20, 2012. EMSEAL is the owner of all rights, title and interest in the '495 patent, and EMSEAL has the exclusive right to sue and collect damages for infringement of the '495 patent.

11.     The '495 patent has 37 claims including three independent claims (i.e., independent claim 1 is directed to a fire and water resistant expansion joint system; independent claim 25 is directed to a fire and water resistant architectural expansion joint system; and independent claim 33 is directed to a method of installing an expansion joint).  A true and correct copy of the '495 patent is appended hereto as Exhibit A.

B.  **Defendants' Infringing Products and Methods**

12.     Defendants' infringing products (hereinafter referred to as "Defendants' infringing products") include, but are not limited to:

- Schul's products listed by Underwriter's Laboratories as systems FF-D-0082. (Exhibit B1);

- Schul's products listed by Underwriter's Laboratories as systems FF-D-1100. (Exhibit B2);

- Schul 2FR-H "Firejoint." (Exhibit B3a, B3b and B3d); and

- Schul 2FR-V "Firejoint."  (Exhibit B3c)

13. Defendants' infringing methods (hereinafter referred to as "Defendants' infringing methods") include, but are not limited to, the following instructions for installing expansion joints:

- Schul "Installation Instructions for 2FR-H and 2FR-V Firejoints."  (Exhibit B3c)

14. Defendants manufacture, offer to sell, and sell Defendants' infringing products and practice or cause others to practice Defendants' infringing methods without a license to do so.

C. **Defendants' Unfair Trade Practices**

15. Upon information and belief, with respect to Defendants' infringing products and methods, Defendants do minimal research and development of their own, copy EMSEAL's test regime, maintain minimal support infrastructure and generally do not seek patent protection for its products and methods.  Instead, Defendants copy EMSEAL's patented products and methods.

16. Defendants' infringing products and Defendants' infringing methods are unfairly priced (e.g., include minimal overhead for research and development, testing or for intellectual property protection) to create or maintain a monopoly and/or harm competition.

17.     Defendants tarnish EMSEAL's reputation and erode EMSEAL's ability to leverage its patents by making disparaging and misleading statements to potential purchasers of EMSEAL's patented products and by providing inferior support infrastructure which tarnishes the fire seal industry.

## COUNT I

## INFRINGEMENT OF THE '495 PATENT

18.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1-17 inclusive, and incorporates them herein by reference.

19.     Pursuant to 35 U.S.C. §287, examples of notice include EMSEAL's marking of its products and packaging and postings on its website and notice to Defendants' attorney of the infringement set forth herein at least, via the filing of the present action for infringement and via a cease and desist letter dated August 13, 2014 to which a copy of a claim chart and a copy of the present Complaint were appended.

20.     On information and belief, Defendants have and continue to, without license from EMSEAL, infringe the '495 patent under 35 U.S.C. §271(a), by making, using, offering to sell and/or selling Defendants' infringing products directly to consumers and under 35 U.S.C. §271(b) inducing others to install Defendants' infringing products using Defendants' infringing methods.

21.     On information and belief, Defendants have and continue to, without license from EMSEAL, induce each other and others (e.g., third party re-sellers/private labelers) to infringe the '495 patent under 35 U.S.C. §271(b), by making, using, offering to sell and/or selling Defendants' infringing products, through a network of third party re-sellers/private labelers who sell to consumers.

22.  On information and belief, Defendants have and continue to, without license from EMSEAL, induce each other and others (e.g., third party re-sellers/private labelers) to infringe the '495 patent under 35 U.S.C. §271(b), by providing Defendants' infringing methods directly to consumers and to others through a network of third party re-sellers/private labelers who sell to consumers.

23.  EMSEAL has analyzed Defendants' infringing products in view of independent claims 1 and 25 and Defendants' infringing methods in view of independent claim 33 and demonstrated how each of the Defendants' infringing products and Defendants' infringing methods infringe each element of at least each and every independent claim of the '495 patent.

24.  As a direct and proximate consequence of the acts and practices of Defendants, EMSEAL has been, is being and, unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and has suffered, is suffering and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. §284 adequate to compensate for such infringement, but in no case less than a reasonable royalty.

25.  As a direct and proximate consequence of the acts and practices of Defendants, Defendants have also caused, are causing and, unless such acts and practices are enjoined by the Court, will continue to cause irreparable harm to EMSEAL for which it is entitled to preliminary and permanent injunctive relief under 35 U.S.C. §283.

26.  Defendants acts of infringement are intentional and willful and "exceptional" pursuant to 35 U.S.C. §285.

## COUNT II

## VIOLATION OF THE CONSUMER PROTECTION ACT/UNFAIR AND DECEPTIVE TRADE PRACTICES

27. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1-26 inclusive, and incorporates them herein by reference.

28. The Consumer Protection Act, NH RSA 358-A:2, prohibits unfair or deceptive acts in the conduct of any trade or commerce. A person engaging in deceptive or misleading acts while conducting business falls within the scope of the statute. RSA 358-A:1, II.

29. By failing to acknowledge EMSEAL's intellectual property rights in their offers for sale of the technology of the Infringing Products, Defendants are misrepresenting that they have a status to sell the Infringing Products in violation of RSA358-A:2, V.

30. Defendants have disparaged EMSEAL's goods and services by making false and misleading representations of fact in violation of RSA 358-A:2, VIII.

31. Defendants have set pricing of its goods and services in violation of RSA 358-A:2, XIV.

32. Defendants' unfair and deceptive business practices were willful and knowing violations of the statute, thereby entitling EMSEAL to monetary damages and restitution pursuant to RSA 358-A:4, III(a) and attorneys' fees.

33. Pursuant to RSA 358-A:4, III(a), EMSEAL is entitled to a temporary and permanent injunction enjoining Defendants' acts.

## COUNT III

**Unjust Enrichment**

33. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1-32 inclusive, and incorporates them herein by reference.

34. As a result of the conduct of Defendants as described above, and unless the relief sought in this Complaint is granted, Defendants will unjustly benefit from and be unjustly enriched by, their own intentional and wrongful acts.

## PRAYER FOR RELIEF

WHEREFORE, as relief, Plaintiff respectfully prays for a judgment against Defendants as follows:

A. Declaring that Defendants infringe at least one claim of the '495 patent literally, and/or under the Doctrine of Equivalents.

B. Declaring that Defendants have actively induced infringement of at least one claim of the '495 patent.

C. Preliminarily and permanently enjoining Defendants from committing further acts of infringement under 35 U.S.C. §271 of any of the claims of the '495 patent, pursuant to 35 U.S.C. §283, and RSA 358-A:4, III(a).

D. Awarding Plaintiff its lost profits and other damages adequate to compensate for Defendants' infringement and unfair trade practices in accordance with 35 U.S.C. §284 and RSA 358-A:4, III(a).

E. Declaring this to be an "exceptional" case within the meaning of 35 U.S.C. §285, entitling Plaintiff to an award of its reasonable attorneys' fees, expenses and costs in this action as well as pre-judgment and post judgment interest.

F.  Declaring Defendants' acts and practices were willful and knowing violations of RSA 358-A:2 and forwarding a copy of the Complaint and any judgment or decree to the Attorney General of the State of New Hampshire.

G.  Grant damages associated with Defendants' infringing activities be trebled where allowed by law as a result of Defendants' actions complained of herein.

H.  Plaintiff has such other and further relief as this Court may deem just and equitable.

Respectfully submitted,

EMSEAL JOINT SYSTEMS, LTD.

By Its Attorneys,

SHEEHAN PHINNEY BASS + GREEN,
PROFESSIONAL ASSOCIATION

Dated:  August 13, 2014      By: _/s/ Robert R. Lucic_____
    Robert R. Lucic, #9062
    Peter A. Nieves, # 15805
    1000 Elm Street
    P.O. Box 3701
    Manchester, NH 03105-3701
    (603) 627-8188

OF COUNSEL:
John H. Mutchler
Intellectual Property Attorney
MKG LLC (Formerly Michaud-Kinney Group LLP)
306 Industrial Park Road, Suite 206
Middletown, Connecticut  06457-1532
(860) 632-7200 x308
Email:  mutchler@mkgip.com