UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| EMSEAL JOINT SYSTEMS, LTD. ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 1:14-cv-00358-SM |
| SCHUL INTERNATIONAL CO. LLC ) | |
| STEVEN R. ROBINSON ) | |
| BRIAN J. ISKE ) | |
| WILLSEAL, LLC ) | |
| ION MANAGEMENT, LLC ) | |
| ) | |
| Defendants. ) | |

**JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT**

Pursuant to Appendix B to the Local Rules (Local Rule 9.6 Supplement) and to LPR 6.1(c) of the Rule 26(f) Order Granting in Part Motion to Approve Scheduling Order (D.I. 109), Plaintiff EMSEAL Joint Systems, Ltd. and Defendants Schul International Co. LLC, Steven R. Robinson, Brian J. Iske, Willseal, LLC, and Ion Management, LLC (Hereafter, "Defendants") (hereinafter collectively referred to as the "Parties") hereby submit their Joint Claim Construction and Prehearing Statement (hereinafter the "Joint Statement").

**(a) Length of Hearing and Witnesses**

At the Hearing on June 12, 2018, the Court scheduled the Markman Hearing for an entire day, inclusive of any tutorials and expert witnesses. The Court set the hearing for 9:00 a.m. on September 20, 2018.

1

1. Plaintiff Proposed Schedule

Plaintiff anticipates that the Claim Construction Hearing for covering the 16 disputed claim terms, tutorial, and expert witness testimony, will require an entire day to ensure that both parties have sufficient time to present associated arguments, wherein the time is divided pursuant to the Court's discretion.

2. Defendants' Proposed Schedule

Defendant anticipates that the Claim Construction Hearing will require six (6) hours, with each side allocated three (3) hours, wherein the parties will be obligated to keep track of their time.

**Plaintiff's Statement.**

In view of a 10-minute tutorial proposed below, 20 minutes of direct expert testimony, and Defendants' 10 minute tutorial and 20 minutes of expert cross examination, if necessary. EMSEAL would anticipate that the claim construction oral arguments would start immediately thereafter, at about 10:00 am on September 20, 2018, or at such time as the Court deems fit.

The Plaintiff intends to call two expert witnesses for the claim construction hearing. Plaintiff's experts include Dr. Vytenis Babrauskas, Ph.D. of Fire Science and Technology Inc. and Lester Hensley of EMSEAL Joint Systems, Ltd.  Dr. Babrauskas' testimony will provide an overview of fire safety and fire endurance testing in the field of expansion joint systems, including his opinions on level of skill that one having ordinary skill in the art had at the time the patents-in-suit were filed, industry terms used in the art at the time of the

inventions, and what persons of skill in the industry understand it means to undergo and perform acceptability under UL 2079 testing and to pass such testing. Mr. Hensley's testimony will provide an overview of relevant industry terms used in the art at the time of the invention. The testimony of Dr. Babrauskas and Mr. Hensley will be directly related to one or more terms the parties are seeking the Court to construe including Plaintiff's terms "pass testing mandated by UL 2079", "withstanding exposure", "infused", and "pass UL 2079 testing" as well as Defendants' terms "configured to pass testing mandated by UL 2079", "configured to pass movement cycling and fire endurance testing mandated by UL 2079", "a temperature of about 540°C. at about 5 minutes", "a temperature of about 540°C. or greater for about 5 minutes", and "a temperature of about 1010°C at about two hours."

Plaintiff reserves the right to call Dr. Vytenis Babrauskas, Ph.D to rebut any written or oral expert testimony, and any deposition testimony offered by Defendants. Plaintiff also reserves the right to object to deposition testimony of UL, LLC. Should it be necessary for Dr. Vytenis Babrauskas' testimony, he may also rely upon some or all of the extrinsic evidence identified by Defendants in their Preliminary Claim Constructions and Extrinsic Evidence.

**Defendants' Statement**

Defendants do not contend or concede that expert testimony is necessary. Defendants may, however, rely on the Expert Report of Dr. Steven MacLean, together with any deposition testimony and any potential live testimony, and the evidence identified in Exhibit B. Dr. MacLean's Report details the requirements of The UL 2079 Test Program,

the level of skill that one having ordinary skill in the art had at the time the patents-in-suit were filed, and industry terms used in the art at the time of the inventions, together with any deposition testimony and any potential live testimony. A copy of Dr. MacLean's Report providing each opinion to be offered relating to claim construction is enclosed as Exhibit D.

Defendants may rely on the Expert Report of Mr. Eric Montplaisir, together with any deposition testimony and any potential live testimony, and the evidence identified in Exhibit B. Mr. Montplaisir's Report details the requirements of The UL 2079 Test Program, the level of skill that one having ordinary skill in the art had at the time the patents-in-suit were filed, and industry terms used in the art at the time of the inventions. A copy of Mr. Montplaisir's Report providing each opinion to be offered relating to claim construction is enclosed as Exhibit E.
Defendants reserve the right to call Dr. MacLean and Mr. Montplaisir to rebut any expert testimony offered by Plaintiff.

Dr. MacLean and Mr. Montplaisir may then support their opinions by relying on, in addition to their respective Reports, the claims, the written descriptions, the prosecution histories, the level of skill of one having ordinary skill in the art, and common knowledge at the time of the inventions. Should it be necessary for Dr. MacLean and Mr. Montplaisir testify, they may also rely upon some or all of the extrinsic evidence identified by Plaintiff in its Preliminary Claim Constructions and Extrinsic Evidence.

Defendants may present the deposition testimony of UL, LLC regarding whether claim terms pertaining to UL 2079 were a term of art at or before the date of filing of the

priority document for the patents asserted. A copy of the deposition transcript is attached hereto as Exhibit F.

**(b) Tutorial**

### Plaintiff's Statement

Plaintiff proposes a tutorial regarding the technology of fire rated expansion joint systems as described in asserted U.S. Patent Nos. 8,739,495, 9,528,262, 9,644,368, 9,670,666, and 9,637,915. Plaintiff's tutorial will be in the form of a live presentation supplemented by a PowerPoint presentation and demonstration of sample fire rated expansion joint systems. Plaintiff respectfully requests that the Court allow the tutorial to commence at 9:00 am, prior to expert witness testimony and immediately before the start of the claim construction oral arguments on September 20, 2018. Plaintiff anticipates ten (10) minutes would be required for the tutorial.

### Defendants' Statement

Defendants propose a tutorial regarding the technology of fire rated expansion joint systems as described in asserted U.S. Patent Nos. 8,365,495, 8,739, 495, 8,813,450, 9,528,262, 9,644,368, 9,631,362, 9,670,666, and 9,637,915 and UL 2079 testing. Defendants' tutorial will be in the form of a multimedia presentation and/or a live presentation supplemented by an overhead presentation and demonstration of sample fire rated expansion joint systems. Defendants anticipate ten (10) minutes would be required for the tutorial.

**(c)     Order of Presentation**

The parties disagree on the order and method of presentation - whether term-by-term or side-by-side and as how to manage the time between the parties.

(1)     **Plaintiff's Proposed Order**

Due to the number of claim terms for construction, and maintaining order and clarity, as well as addressing concerns of the Court in an efficient manner, Plaintiff proposes that the oral arguments for each of the disputed terms be conducted on a term-by-term basis, where there is full discussion on a single term at a time. Plaintiff will present its arguments for the first disputed term followed by the Defendants' presentation of its arguments for the first disputed term, followed by rebuttal, if any. Thereafter, Plaintiff, then Defendant, would present its arguments for each of the remaining disputed terms, one term at a time.

(2)     **Defendants' Proposed Order**

Given the number of claim terms, the overlap of claim terms and as Defendants propose that several claim terms be construed similarly, the limited time available, the need to avoid shifting presentation resources and time at the podium back and forth between the parties, and the need to equitably share that time, Defendants propose that argument proceed side-by-side, as set out below, with each party having three (3) hours total for their presentation, including testimony, but excluding cross-examination of any witnesses, which shall be assessed against the examining party:

- First: Plaintiff's counsel will present argument concerning the disputed terms, less any time reserved for rebuttal.

- Second: Defendant's counsel will present argument concerning the disputed terms.

- Third: Plaintiff's counsel will present any closing arguments with their rebuttal time.

**(d)** **Agreed Terms**

As reflected below, the parties have reached agreement on certain portions of the proposed constructions and have narrowed the disagreement on the disputed constructions for the Court. The following table lists the claim elements to which the parties have agreed on a construction. The Parties respectfully request that the Court adopt the proposed constructions.

| Term, Phrase, or Clause | Agreement |
|---|---|
| after installation / when installed | after placement between two substrates / when placed between two substrates |
| angled around a corner | change in direction at an angle in either a horizontal plane, a vertical plane, or a combination thereof |
| profile to facilitate compression and expansion | an outline of an object or structure which permits compression and expansion |
| starting density | density (density = mass / volume) prior to being pressed into less volume |
| compression | being pressed into less volume |
| uncompressed | the absence of being pressed into less volume |
| when compressed | when being pressed into less volume |

**Plaintiff's Statement**

Plaintiff only agrees to the proposed constructions for the patents asserted by Plaintiff, namely, U.S. Patent Nos. 8,739, 495, 9,528,262, 9,644,368, 9,670,666, and

9,637,915. If, however, the Court finds it appropriate to apply the proposed construction to patents not asserted by Plaintiff, then Plaintiff's proposed constructions should be applied to the non-asserted patents.

**(e)** **Disputed Terms**

As reflected in the parties proposed constructions attached as Exhibits A and B, the parties have not reached agreement on certain portions of the proposed constructions but have narrowed the disagreement on the disputed constructions for the Court. The following table lists the claim elements to which the parties have not agreed on a construction.

| |
|---|
| "core" |
| "foam" |
| "after compression" |
| "capable of withstanding exposure" / "ability to withstand exposure" |
| "Pass UL2079 testing" / "pass testing mandated by UL2079" |
| "maintain fire resistance" |
| "configured to pass testing mandated by UL 2079" / "configured to pass movement cycling and fire endurance testing mandated by UL 2079" |
| "expansion joint system and the infused foam are" |
| "fire retardant material" / "fire retardant" |
| "infused" |
| "included in" |
| "put into" |
| "permeated in" |
| "about 130 kg/m$^3$ to about 150 kg/m$^3$" |
| "a temperature of about 540deg.C at about 5 minutes" |
| "a temperature of about 540deg.C or greater for about 5 minutes" |
| "a temperature of about 1010deg.C at about two hours" |

**Plaintiff's Statement**

8

Plaintiff only agrees to the proposed constructions for the patents asserted by Plaintiff, namely, U.S. Patent Nos. 8,739, 495, 9,528,262, 9,644,368, 9,670,666, and 9,637,915.  If, however, the Court finds it appropriate to apply the proposed construction to patents not asserted by Plaintiff, then Plaintiff's proposed constructions should be applied to the non-asserted patents.

Plaintiff refuses to add the term "expansion joint system and the infused open celled foam are" to the "Disputed Claim Terms Chart" for at least the reasons that follow. First, this Court has only approved consideration of five (5) patents in the present litigation, and not eight (8), as Defendants seek.  Defendants should seek permission of the Court to add three (3) additional patents, rather than assuming the same. Second, the term "expansion joint system and the infused open celled foam are" is not within any of Plaintiff's asserted patents in suit.  Third, the term "expansion joint system and the infused open celled foam are" was not listed in Defendants' Proposed Terms for Construction received from Defendants on June 4, 2018.  Fourth, the term "expansion joint system and the infused open celled foam are" was not highlighted or discussed in communications between Plaintiff and Defendants.  Fifth, the term "expansion joint system and the infused open celled foam are" was added into email communications by Defendants without highlighting the same, or calling attention to the same since the term was different than that originally provided by Defendants, as a result, Plaintiff never provided construction of the same.  Sixth, Defendants sought to list the term "expansion joint system and the infused open celled foam are" (from unasserted patent 8,365,495C1) next to the claim term "expansion joint system and the infused foam are" (from Plaintiff asserted patent

9

8,739,495 C1), only separately by a slash "/". Seventh, Defendants' assumption that an additional three (3) patents should be considered for construction, without approval of the Court, also has prejudiced Plaintiff in that Plaintiff has not had ample time to consider whether additional claim terms of the three non-asserted patents should be submitted to this Court for construction.

In addition, in the chart attached as Exhibit A, Plaintiff proposes constructions for the disputed claim terms and identifies intrinsic and extrinsic evidence upon which it may rely to support its proposed constructions of the patents-in-suit. In addition to the intrinsic and extrinsic evidence identified by Plaintiff, Plaintiff may also rely on any intrinsic or extrinsic evidence identified by Defendant in support of its proposed constructions. Plaintiff may also rely upon intrinsic and extrinsic evidence, including the prosecution history, to rebut the constructions proposed by Defendants. Plaintiff expressly reserves the right to amend, correct, or supplement their claim construction positions and supporting evidence in response to any change of position by Defendants, in response to information received during claim construction discovery, or for other good cause.

For notification to the Court, there is no Exhibit C submitted herewith.

### **Defendants' Statement**

In the chart attached as Exhibit B, Defendants propose constructions for the disputed claim terms and identify intrinsic and extrinsic evidence upon which they may rely to support their proposed constructions of the patents-in-suit. In addition to the intrinsic and extrinsic evidence identified by Defendants, Defendants may also rely on any

intrinsic or extrinsic evidence identified by Plaintiff in support of its proposed constructions. Defendants may also rely upon intrinsic and extrinsic evidence, including the prosecution history, to rebut the constructions proposed by Plaintiff. Defendants expressly reserve the right to amend, correct, or supplement their claim construction positions and supporting evidence in response to any change of position by Plaintiff, in response to information received during claim construction discovery, or for other good cause. Plaintiff has refused to add the claim term "***"expansion joint system and the infused open cellular foam are"*** to the "Disputed Claim Terms Chart" above, claiming that this term was not previously discussed. Defendants disagree and have provided Plaintiff with proof of such previous discussion. As such, Defendants continue to include this claim term in their Exhibit B.

Dated: July 16, 2018          By*: /s/ Peter A. Nieves*
                                     Robert R. Lucic, NH Bar No. 9062
                                     Peter A. Nieves, NH Bar No. 15805
                                     Brian D. Thomas, NH Bar No. 17764
                                     James P. Harris, NH Bar No. 15336
                                     1000 Elm Street / P.O. Box 3701
                                     Manchester, NH 03105-3701
                                     (603) 627-8188
                                     rlucic@sheehan.com
                                     pnieves@sheehan.com

                               By*: /s/ Michael K. Kinney*
                                     Michael K. Kinney, CT Bar No. 29806
                                     Robert L. Rispoli, CT Bar No. 20661
                                     MKG, LLC
                                     306 Industrial Park Road, Suite 206
                                     Middletown, CT 06457
                                     (860) 632-7200
                                     kinney@mkgip.com
                                     rispoli@mkgip.com

Attorneys for Schul International, Co., LLC, Willseal, LLC, Ion Management, LLC, Steven R. Robinson, and Brian J. Iske

    By:  /s/ Gary E. Lambert_____
           Gary E. Lambert
           N.H. Bar No.: 16245
           Lambert & Associates
           92 State Street, Suite 200
           Boston, MA 02109
           Telephone: 617.720.0091
           Facsimile: 617.7206307
           lambert@lambertpatentlaw.com

    By:  /s/ James E. Hudson III_____
           James E. Hudson III
           Texas Bar No.: 00798270
           Crain, Caton & James
           Five Houston Center
           1401 McKinney St., Suite 1700
           Houston, TX 77010
           713-752-8652
           Fax: 713.658.1921
           jhudson@craincaton.com