UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Emseal Joint Systems, Ltd.,
     Plaintiff

   v.                                Case No. 14-cv-358-SM
                                     Opinion No. 2018 DNH 159
Schul International Co., LLC;
Steven R. Robinson; Brian J. Iske;
Willseal, LLC; and Ion Management, LLC,
     Defendants

## **O R D E R**

Plaintiff, Emseal Joint Systems, Ltd., filed suit against Shul International Co., Steven R. Robinson, Brian J. Iske, Willseal, LLC, and Ion Management, LLC, asserting claims for patent infringement, violation of the New Hampshire Consumer Protection Act/Unfair and Deceptive Trade Practices ("CPA"), and unjust enrichment. Defendants have moved for judgment on the pleadings on plaintiff's unjust enrichment claim. Robinson and Iske have moved for judgment on plaintiff's Consumer Protection Act claim. Both motions are granted.

**Standard of Review**

Federal Rule of Civil Procedure 12(c) provides that, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." "The standard of review of a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is the same as that for a motion to dismiss under Rule 12(b)(6)."

Marrero-Gutierrez v. Molina, 491 F.3d 1, 5 (1st Cir. 2007) (citations omitted).  Accordingly, "[t]he court accepts the plaintiff's well-pleaded facts as true and draws all reasonable inferences in the plaintiff's favor." Holder v. Town of Newton, No. 09-CV-341-JD, 2010 WL 3211068, at *1 (D.N.H. Aug. 11, 2010) (citing Citibank Global Mkts., Inc. v. Santana, 573 F.3d 17, 23 (1st Cir. 2009)).

To survive defendants' motion, each count of plaintiff's complaint must allege all of the essential elements of a viable cause of action and "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal punctuation omitted).  Judgment on the pleadings will be entered "only if the uncontested and properly considered facts conclusively establish the movant's entitlement to a favorable judgment." Aponte-Torres v. Univ. of P.R., 445 F.3d 50, 54 (1st Cir. 2006).

**Background**

As alleged in its complaint, Emseal is the sole owner of the following patents: U.S. Patent No. 8,739,495B1[1] issued by the

---

[1] On November 10, 2014, Schul International submitted a request for Ex Parte Examination to the USPTO, seeking reexamination of the '495 patent's claims.  After granting Schul's request, the USPTO issued Ex Parte Reexamination

2

United State Patent and Trademark Office ("USPTO") on June 3, 2014; U.S. Patent No. 9,528,262B2, issued by the USPTO on December 27, 2016 ("the '262 patent"); U.S. Patent No. 9,644,368B1, issued by the USPTO on May 9, 2017 ("the '368 patent"); U.S. Patent No. 9,670,666B1, issued by the USPTO on June 6, 2017 ("the '666 patent"); and U.S. Patent No. 9,637,915B1, issued by the USPTO on May 2, 2017 ("the '915 patent") (collectively, the "Patents in Suit"). All of the Patents in Suit are entitled "Fire and Water Resistant Expansion Joint System." According to plaintiffs, several of defendants' products infringe one or more claims of the Patents in Suit, and, defendants manufacture and sell, or cause others to manufacture and sell, those infringing products without a license.

Plaintiff alleges that defendants do minimal research and development of their own; copy plaintiff's test regime, and its patented products and methods; and maintain minimal support infrastructure. As a result, says plaintiff, Defendants are able to price their infringing products unfairly, thus "creat[ing] or maintain[ing] a monopoly and/or harm[ing] competition." Compl. ¶ 23. Plaintiff further alleges that defendants make disparaging and misleading statements to

---

Certificate No. 8,739,495C1. U.S. Patent No. 8,739,495C1 and Ex Parte Reexamination Certificate No. 8,739,495C1 are collectively referred to as "the '495 patent."

3

potential purchasers of Emseal patented products, which tarnishes plaintiff's reputation and impacts plaintiff's ability to leverage its patents. Finally, plaintiff contends that defendants provide inferior support infrastructure, which harms the entire fire seal industry.

**Discussion**

1. **Unjust Enrichment**

Defendants make two arguments in support of their position that the court should enter judgment on plaintiff's unjust enrichment claim. First, defendants contend that, because plaintiffs have not alleged a quasi-contractual relationship between them, unjust enrichment is not applicable. Second, defendants assert that plaintiff's unjust enrichment claim is either barred by Patent Act preemption, or is covered by a New Hampshire statutory cause of action.

Defendants correctly point out that plaintiff's unjust enrichment claim simply re-pleads its patent infringement and CPA claims, adding only an allegation that defendants unjustly benefited from their purported misdeeds. In support of its unjust enrichment claim, plaintiff incorporates by reference its earlier allegations, and alleges that defendants, as a result of the alleged conduct, "will unjustly benefit from and be unjustly

enriched by, their own intentional and wrongful acts." Compl. ¶ 42.

Under New Hampshire law, "[u]njust enrichment is an equitable remedy that is available when an individual receives a benefit which would be unconscionable for him to retain." Axenics, Inc. v. Turner Constr. Co., 164 N.H. 659, 669, 62 A.3d 754 (2013) (internal quotation marks and emphasis omitted). Plaintiff does not explicitly allege a benefit received by defendants in its complaint, nor does plaintiff address that point in its briefing. However, plaintiff's theory seems to be that, by copying Emseal's patented products, methods, and test regimes, defendants benefited by saving money they otherwise would have had to spend on research and development. And, as a result of those savings, defendants have been able to price their competing (and infringing) products lower than Emseal's products, thereby presumably benefitting by selling more products.

Here, plaintiff's unjust enrichment claim, as pled, is preempted. "[F]ederal patent law preempts any state law that purports to define rights based on inventorship." Univ. of Colo. Found. v. Am. Cyanamid Co., 196 F.3d 1366, 1372 (Fed. Cir.

1999). As the Court of Appeals for the Federal Circuit[2] has noted:

> To determine whether these state law torts are in conflict with federal patent law and accordingly preempted, we assess a defendant's allegedly tortious conduct. If a plaintiff bases its tort action on conduct that is protected or governed by federal patent law, then the plaintiff may not invoke the state law remedy, which must be preempted for conflict with federal patent law. Conversely, if the conduct is not so protected or governed, then the remedy is not preempted.

Hunter Douglas, Inc. v. Harmonic Design, Inc., 153 F.3d 1318, 1335 (Fed. Cir. 1998), overruled on other grounds by Midwest Indus., Inc. v. Karavan Trailers, Inc., 175 F.3d 1356 (Fed. Cir. 1999). "A state claim is not protected or governed by patent law when it 'address[es] entirely different wrongs[,]' 'provide[s] different forms of relief,' and 'is not an impermissible attempt to offer patent-like protection to subject matter addressed by federal law.'" Picone v. Shire PLC, No. 16-CV-12396-ADB, 2017 WL 4873506, at *14 (D. Mass. Oct. 20, 2017) (quoting In re Loestrin 24 Fe Antitrust Litig., No. 13-md-2472, 2017 WL 3600938, at *37 (D.R.I. Aug. 8, 2017) ((quoting Dow Chem. Co. v. Exxon Corp., 139 F.3d 1470, 1478 (Fed. Cir. 1998))).

---

[2] "Federal Circuit law governs whether federal patent law preempts a state law claim." Ultra-Precision Mfg. v. Ford Motor Co., 411 F.3d 1369, 1376 (Fed. Cir.2005).

Because plaintiff's unjust enrichment claim directly relates to its rights under federal patent law, and seeks to enforce such rights under a common law guise, the unjust enrichment claim is preempted. See Veto Pro Pac, LLC v. Custom Leathercraft Mfg. Co., Inc., No. 3:08-cv-302 (VLB), 2009 WL 276369, *2 (D. Conn. Feb. 5, 2009) ("to survive preemption, [the plaintiff] must plead conduct in violation of [state law] that is separate and independent from its patent law claim.") (emphasis added). The gravamen of plaintiff's unjust enrichment claim is that defendants unjustly benefited from their patent-infringing use of the plaintiff's intellectual property, one consequence being that defendants saved money on research and development. Put differently, any purported "benefit" defendants received resulted from defendant's infringement of plaintiff's patents. While benefits derived from infringing conduct are always "unjust" in a general sense, here the unjust character derives from the alleged infringement. If defendants did not infringe plaintiff's patents, plaintiff's unjust enrichment claim would of course fail as it is tied to the alleged infringement.

Plaintiff's objection to defendant's motion for judgment on the pleadings does not respond to the preemption argument. That is problematic because arguments "not raised in a timely manner are forfeited." Igartua v. United States, 626 F.3d 592, 603

(1st Cir. 2010). As our court of appeals has stated, "a plaintiff cannot expect a trial court to do his homework for him. Rather, the plaintiff has an affirmative responsibility to put his best foot forward in an effort to present some legal theory that will support his claim." McCoy v. Massachusetts Inst. of Tech., 950 F.2d 13, 22-23 (1st Cir. 1991). See also Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988) ("[j]udges are not expected to be mindreaders. Consequently, a litigant has an obligation 'to spell out its arguments squarely and distinctly,' or else forever hold its peace.") (quoting Paterson-Leitch Co. v. Massachusetts Municipal Wholesale Elec. Co., 840 F.2d 985, 990 (1st Cir. 1988)).

But, to the extent plaintiff might argue that its unjust enrichment claim is also based on its allegations regarding defendant's "tarnish[ing]" of Emseal's reputation, compl. ¶ 24, plaintiff's complaint offers no allegation that such conduct resulted in a benefit to defendants. Nor does plaintiff allege any benefit to defendants resulting from defendants' provision of "inferior support infrastructure which tarnishes the fire seal industry." Compl. ¶ 24. The court is disinclined to concoct an argument on plaintiff's behalf, and need proceed no further. Cf., United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do

counsel's work, create the ossature for the argument, and put flesh on its bones.").

Resolution of plaintiff's unjust enrichment claim as pled depends entirely on resolution of plaintiff's patent infringement claims. Therefore, plaintiff's unjust enrichment claim is preempted by federal patent law, and must be dismissed.[3]

### 2. **New Hampshire Consumer Protection Act**

Defendants Robinson and Iske seek judgment on plaintiff's Consumer Protection Act claim. They argue that plaintiff has not asserted any basis upon which the corporate veil might be pierced to reach and hold them liable for the actions of Schul, Ion or Willseal (collectively, the "Corporate Defendants"). And, defendants further contend, plaintiff's allegations in support of its CPA claim are based entirely on the conduct of

---

[3] Even if plaintiff's unjust enrichment claim were not subject to dismissal due to preemption, it would probably fail as a matter of law because it is focused "on the savings that [defendants] incurred – that is, money not spent – rather than on a benefit bestowed – that is, money or some good received." Brown v. Saint-Gobain Performance Plastics Corp., No. 16-cv-242-JL, 2017 WL 6043956, at *9 (D.N.H. Dec. 12, 2017). "New Hampshire has not recognized negative unjust enrichment – that is, unjust enrichment through a defendant's failure to incur costs rather than through receipt of a benefit – as a cause of action." Id. at *1; see also id. at *10 (discussing cases, and dismissing unjust enrichment claim where it was "not based on a 'specific legal principle or situation which equity has established or recognized' in New Hampshire so as 'to bring [this] case within the scope of the doctrine'.") (quoting Cohen v. Frank Developers, Inc., 118 N.H. 512, 518 (1978)).

9

the Corporate Defendants, not the actions of Robinson or Iske.
Because plaintiff does not allege that Robinson or Iske are
market participants, defendants say, the CPA claim against them
must be dismissed.

In response, Emseal takes the position that its CPA claim
against Robinson and Iske is not predicated on their capacity as
principles of the Corporate Defendants. See Pl.'s Obj. to Mot.
for Judgment on the Pleadings (Document No. 119) at 4 ("Emseal
is not trying to impose the LLC's underlying liability upon the
Individual Defendants, but rather alleges that all five named
Defendants are individually liable for their own actions.")
(emphasis in original). Therefore, piercing the corporate veil
is unnecessary. Instead, Emseal argues, it has alleged that all
defendants collectively (including Robinson and Iske) have
engaged in conduct that violates the CPA. Plaintiff notes that
Robinson and Iske are personally liable for any tort in which
they participated or authorized as members and managers of the
Corporate Defendants.

Plaintiff's position, however, is at odds with the
governing legal standard. "The general rule, and the rule in
this circuit, is that an officer of a corporation 'is liable for
torts in which he personally participated, whether or not he was
acting within the scope of his authority.'" Escude Cruz v. Ortho

Pharm. Corp., 619 F.2d 902, 907 (1st Cir. 1980) (quoting Lahr v. Adell Chemical Co., 300 F.2d 256, 260 (1st Cir. 1962)). "What is required is some showing of direct personal involvement by the corporate officer in some decision or action which is causally related to plaintiff's injury." Id.

Plaintiff's complaint includes no factual allegations related to Robinson or Iske, beyond their names, job titles, and their addresses as listed with the New Hampshire Secretary of State. Plaintiff instead lumps together all defendants, corporate and individual, and does not allege that either Robinson or Iske had any direct personal involvement in the challenged conduct. Plaintiff's allegations are utterly insufficient to establish a basis for Robinson or Iske to be held individually liable for the "alleged actions of the corporations with which they are associated." Galvin v. Metrocities Mortg., LLC, No. 1:16-CV-00268-JDL, 2017 WL 5632868, at *8 (D.N.H. Nov. 17, 2017) (citations omitted).

Accordingly, Robinson's and Iske's motion for judgment on the pleadings on plaintiff's CPA claim is granted.

## Conclusion

For the foregoing reasons, as well as those set forth in defendants' memoranda (documents. nos. 113-1, 114-1, and 123) defendants' motion for judgment on the pleadings on plaintiff's

unjust enrichment claim (document no. 113) is **GRANTED**. Robinson's and Iske's motion for judgment on the pleadings on plaintiff's Consumer Protection Act/Unfair and Deceptive Trade Practices claim (document no. 114) is **GRANTED**.

    **SO ORDERED.**

/s/ Steven J. McAuliffe
Steven J. McAuliffe
United States District Judge

August 6, 2018

cc: Michael K. Kinney, Esq.
    Robert R. Lucic, Esq.
    Robert L. Rispoli, Esq.
    Brian D. Thomas, Esq.
    Bryanna K. Devonshire, Esq.
    James P. Harris, Esq.
    Peter A. Nieves, Esq.
    Brendan M. Shortell, Esq.
    David J. Connaughton, Jr., Esq.
    James E. Hudson, III, Esq.
    Gary E. Lambert, Esq.